```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------x

Mergent Services and John Bal,
          Plaintiffs,                         03 CV 4890 (KMW)(RLE)

          -v-                                 ORDER

Nova Information Systems, Inc.,

          Defendants.
--------------------------------------x
```

WOOD, U.S.D.J.:

Pro se plaintiff John Bal, on behalf of himself and his sole-proprietorship Mergent Services ("Mergent"), filed an action against Nova Information Systems ("Nova"), a credit card processing service. Bal alleged that Nova breached its agreement with him to provide credit card services for Mergent. Nova argues that it permissibly terminated the agreement because Bal had incurred "chargebacks" in excess of the number permitted under the contract. Both parties moved for summary judgment.

On November 22, 2005, Magistrate Judge Ronald L. Ellis issued his Report and Recommendation ("Report"), familiarity with which is assumed, recommending that both motions be denied. Specifically, the Report concludes that the term "chargeback" as used in the contract is ambiguous. Nova timely objected. Bal, several weeks after the time to object had passed, filed a response to the defendant's objections. Nova argues that the Court should not consider this submission because it is untimely.

1

Bal has offered a reasonable explanation for his delay, and the Court finds that he had good cause for his late filing. Therefore, the Court does consider Bal's submission. Also, because Bal is pro se, the Court liberally construes his filings in his favor. See Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995). Bal does not appear to object to the Magistrate Judge's denial of his summary judgment motion, but instead merely responds to Nova's objections and offers arguments in support of denial of summary judgment to Nova.

The Court, therefore, considers de novo those parts of the Report to which Nova objected. (Those portions to which neither party objects are reviewed for clear error.) See Fed. R. Civ. P. 72(b). Having carefully considered the Report, Nova's objections and Bal's brief, the Court is persuaded that the Magistrate Judge erred in concluding that the term "chargeback" in the contract is ambiguous.[1] For the reasons that follow, Nova's motion for summary judgment is granted.[2]

---

[1] Nova also argues, inter alia, that summary judgment is appropriate because Nova retained the right to terminate the agreement at any time, and because Bal fails to establish any damages. Because the Court grants summary judgment on another ground, it need not (and does not) reach these arguments.

[2] The parties and the Report analyze the contract in terms of New York law. The contract by its terms has a choice of law provision stating that Georgia contract law applies. Because neither party cites to Georgia law, and neither objects to the Report's reliance on New York law, the Court analyzes the Contract in terms of general contract law, Circuit law, and New York state law. See, e.g., Hunt Ltd. v. Lifschultz Fast Freight,

To prevail on a motion for summary judgment, the moving party must demonstrate that there are no genuine issues of material fact to be tried, and that it is entitled to judgment as a matter of law. See Fed. R. Civ. Pro. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Citizens' Bank v. Hunt, 927 F.2d 707, 710 (2d Cir. 1991). Summary judgment is appropriate where, once the Court has interpreted the contract as a matter of law, it is undisputed which party must prevail. See Wells Fargo Bank, N.A. v. BrooksAmerica Mortgage Corp., 419 F.3d 107, 110-11 (2d Cir. 2005).

In connection with its provision of services, Nova prepared and Bal signed a "Merchant Processing Agreement."[3] See First Millsaps Declaration (September 18, 2003), at Exhibit "A" (hereinafter "Agreement"). The portion of the Agreement defining chargebacks states that:

> You [the merchant, in this case Bal] are fully liable to Nova and Member [Nova's banking affiliate] for all transactions returned to Nova or Member for whatever

---

Inc., 889 F.2d 1274, 1277 (2d Cir.1989) (discussing ambiguity in contract interpretation); Bethlehem Steel Co. v. Turner Construction Co., 2 N.Y.2d 456, 459, 161 N.Y.S.2d 90, 93, 141 N.E.2d 590, 593 (1957) (same). Moreover, the Court sees no indication that Georgia law would lead to a different result. See, e.g., Zaglin v. Atlanta Army Navy Store, Inc., 275 Ga.App. 855, 857, 622 S.E.2d 73, 75 (Ga.App. 2005) (discussing contractual ambiguity); Alimenta (USA), Inc. v. Oil Seed South, LLC., 622 S.E.2d 363, 365 (Ga.App. 2005) (same).

[3]Bal has argued that the Agreement is not the governing contract, but there is no evidence in the record to support this contention.

> reason, otherwise know as "chargebacks." You will pay Nova and Member on demand the value of all chargebacks. You agree to accept for chargeback, and will be liable to Member and Nova in the amount of, any sale for which the cardholder disputes the validity of the sale.  You authorize Nova and Member to offset from incoming transactions and to debit the Merchant Account, the Reserve Account, or any other account held at Member or at another financial institution the amount of all chargebacks.  You will fully cooperate with Nova and Member in complying with the Rules regarding chargebacks.  Guarantors are personally liable for all chargebacks.

Agreement at ¶4B.  The Agreement then states that Nova will immediately terminate its agreement with any merchant if that merchant presents "excessive activity," including "chargebacks. . . in excess of one percent of the average monthly dollar amount of [the merchant's] Card transactions. . . ."

The parties do not dispute that many of Bal's customers challenged the charges to their cards.  The dollar value of these challenged charges, if they are chargebacks, was also indisputably in excess of the permitted value.  The parties dispute, however, whether the charges challenged by Bal's customers were in fact "chargebacks" within the meaning of the agreement.  The parties agree that the vast majority of the disputes were eventually resolved in Bal's favor.  Bal argues that only challenged charges for which the merchant is eventually deemed responsible should count as "chargebacks" within the meaning of the agreement.  Nova argues that a "chargeback" is any

disputed transaction, whether or not resolved in the merchant's favor.

The Agreement's language is unambiguous on this point. It clearly states that the merchant "agree[s] to accept for chargeback, and will be liable to Member and Nova in the amount of, any sale for which the cardholder disputes the validity of the sale." A chargeback therefore results at the moment "any" "dispute" occurs. It is thus irrelevant whether the cardholder's dispute is meritless and the merchant is eventually vindicated.

Additionally, the agreement states that the merchant is "fully liable to Nova and Member for all transactions returned to Nova or Member for whatever reason, otherwise known as chargebacks." The words "for whatever reason" cannot be read to be limited to valid reasons (that is, eventually resolved in the merchant's favor). To require that a chargeback be for a *valid* reason would render the phrase "for any reason" a nullity. It is axiomatic that a contract must be read so as to give meaning to all of the language therein; in order to prevent "for any reason" from being read out of the contract, chargeback must be read as Nova reads it. See, e.g., 754 Fifth Ave. Assoc., LLP v. Neiman-Marcus Group Inc., 664 N.Y.S.2d 990, 994-95 (App. Div. 1st Dep't 1996) ("[C]ourts should adopt an interpretation which gives meaning to every provision of a contract" (internal citations and quotation marks omitted)).

5

The Report concluded that the language of the agreement is ambiguous because, inter alia, "Nova however d[id] not explain how Mergent might be liable on a transaction returned to Nova unless the customer was actually reimbursed for the charge." Report at 5. The Report finds troubling the suggestion that a merchant would be liable for a charge disputed by a customer even though, in the end, the merchant might be entitled to the funds and the customer might properly have to pay them. Although it might have been more equitable for a merchant not to experience a detriment when a customer dispute is eventually found to be invalid, the terms of the agreement do not permit that interpretation. By the terms of the agreement, "any sale for which the customer disputes the validity of the sale" is a chargeback for which the merchant is liable. That the liability may be temporary or permanent is of no moment. The dispute of a charge creates a chargeback.

Because Bal had disputed charges in excess of the permitted amount, Nova was within its rights to terminate its services, and to take the other actions that it did.[4]

---

[4] Because the agreement is, on its face, unambiguous, the Court does not look to any extrinsic evidence as to the definition of the term "chargeback." See, e.g., Metropolitan Life Ins. Co. v. RJR Nabisco Inc., 906 F.2d 884, 889 (2d Cir. 1990) ("The parties' rights under an unambiguous contract should be fathomed from the terms expressed in the instrument itself rather than from extrinsic evidence as to terms that were not expressed or judicial views as to what terms might be preferable.").

6

Summary judgment in Nova's favor is therefore appropriate and granted. Any pending motions are now moot and the Clerk of Court is directed to close the case.

SO ORDERED.

Dated: New York, New York
January 12, 2006

*Kimba M. Wood*

Kimba M. Wood
United States District Judge